The right of the plaintiff in each of the above causes depends upon the construction of the will of Hendrick Mesick, who died prior to 1802, and whose will was executed March 10, 1801. If under that will Henry and Ruliff Mesick took a fee in the lands devised to them, then the judgment below *Page 170 
must be affirmed. If they did not take a fee, then the plaintiffs are entitled to recover, and the judgments must be reversed, and new trials ordered. The devising clause contained no words of inheritance, and therefore as the law stood when the will was made and the testator died, the devisees would take only a life estate. It is, however, contended that a subsequent clause of the will enlarges the estate devised into a fee. That clause is in these words: "I also give and bequeath to my two sons Peter and Joachim Mesick, the sum of three hundred and fifty dollars apiece, which said several legacies or sums of money I will and order shall be paid to the said respective legatees within eight years after my decease, out of the real estate."
It was proved that the testator died seized of no other real estate than that devised to his sons Henry and Ruliff. To the admission of this evidence the plaintiff excepted. The determination of the question, presented by this exception, can only be material in case we think the cause turns upon the point that without the testimony excepted to, it would not appear that the legacies are charged upon the very lands devised, and so come within the rule, which requires that circumstance to exist, in cases where an estate is to be enlarged, into a fee by reason of a charge. We do not think this the turning point in the cause.
The cases of Hovey v. Olmstead, 1 Coms. 483, andOlmstead v. Olmstead, 4 Coms. 56, substantially dispose of this cause: "The law never enlarges an estate by implication unless the devise imposes a charge upon the devisee in respect of the lands devised. When this is done it takes from the devise the character of a gift and turns it into a purchase." Here Henry and Ruliff are not directed to pay, nor does their acceptance of the devise amount to an undertaking on their part to pay. The payment is not imposed by way of condition upon the devise to them, but is a mere charge upon the land itself. The charge lacks all the circumstances which are necessary to convert the devise into a fee. It can not be necessary again to examine the cases of Doe
v. Richards, Denn v. Mellor, in England, and other cases from our own reports, all of which were critically looked into inOlmstead v. Olmstead. *Page 171 
The judgment of the supreme court must be reversed, and a new trial granted; costs to abide the result.
Judgment reversed and new trial granted.